IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SHANNON WILLIAMS, | ) | 8:09CV282 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| JEFFREY NEWTON, Warden, | ) | |
| MARK FOXHALL, Deputy, | ) | |
| BLACK, Sgt., KORBET, Sgt., | ) | |
| COLBERT, C/O, LAURA, ITS, | ) | |
| L.N.U., and UNKNOWN | ) | |
| OFFICERS, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on August 19, 2009. (Filing No. 1.) However, at the time he filed the Complaint, Plaintiff failed to pay the court's filing fee and failed to submit a motion to proceed in forma pauperis. (Filing No. 5.) On November 4, 2009, Plaintiff paid the filing fee in its entirety. Thus, the court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate pursuant to 28 U.S.C. § 1915A.

I.  SUMMARY OF COMPLAINT

Plaintiff filed his Complaint against seven Defendants, who appear to be employees at the Douglas County Correctional Center, where Plaintiff is currently incarcerated. (Filing No. 1.)

Condensed and summarized, Plaintiff alleges that, beginning on June 29, 2009, he was placed on "administrative confinement. (*Id.* at CM/ECF p. 1.) This prison classification is very restrictive in that Plaintiff is restrained during his shower and

exercise time. (*Id.* at CM/ECF pp. 1-2.) As best as the court can tell, Plaintiff alleges that the misconduct report resulting in his administrative confinement status was not well-founded, but that he was nevertheless found guilty of the conduct.

Plaintiff further alleges that since the filing of grievances relating to his administrative confinement status, he has been retaliated against by Defendants Black, Korbet, Colbert, and Stebbins. (*Id.* at CM/ECF pp. 2-3; Filing No. 6 at CM/ECF pp. 1, 3.) In particular, Plaintiff alleges that Defendant Black listened to his telephone call with his attorney and wrongfully accused him of possession of contraband, in retaliation for grievances Plaintiff filed. (Filing No. 1 at CM/ECF p. 2.) As to Defendants Korbet and Colbert, Plaintiff alleges that they wrongfully accused him of engaging in "lewd conduct" during a video visit in retaliation for filing grievances. (*Id.* at CM/ECF p. 1.) Plaintiff also alleges that Defendant Stebbins retaliated against him by "shoving" him into a "concrete desk" as "an attempt to intimidate" Plaintiff into not filing additional complaints with this court. (Filing No. 6 at CM/ECF p. 3.)

### II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic*

2

*Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

**III.   DISCUSSION OF CLAIMS**

*A.   Due Process Claims*

Liberally construed, Plaintiff alleges Defendants deprived him of the right to be a part of the general prison population without adequate due process. The Due Process Clause by itself does not accord a prisoner a liberty interest in remaining in the general population. *Lekas v. Briley*, 405 F.3d 602, 607 (7th Cir. 2005). Rather, prison officials must receive "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Bell v. Wolfish*, 441 U.S. 520, 547 (1979).

3

Accordingly, the Eighth Circuit has held that an inmate "does not have a constitutional right to a particular prison job or classification." *Sanders v. Norris*, 153 Fed. Appx. 403, 404 (8th Cir. 2005); *Hartsfield v. Dep't of Corr.*, 107 Fed. Appx. 695, 696 (8th Cir. 2004) (unpublished per curiam decision) (stating that inmate has "no liberty interest in a particular classification"). Thus, the question remains whether a liberty interest exists which was created by state law. To demonstrate a liberty interest created by state law, "[a]n inmate who makes a due process challenge to his segregated confinement must make a threshold showing that the deprivation of which he complains imposed an atypical and significant hardship." *Portley-El v. Brill*, 288 F.3d 1063, 1065 (8th Cir. 2002) (internal quotations omitted); *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

The Eighth Circuit has consistently held that "administrative and disciplinary segregation are not atypical and significant hardships[.]" *Portley-El*, 288 F.3d at 1065; *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) ("We have consistently held that a demotion to segregation, even without cause, is not itself an atypical and significant hardship."). However, under certain circumstances, prolonged confinement in administrative segregation can rise to the level of an atypical and significant hardship. *See Williams v. Norris*, 277 Fed.Appx. 647, 648 (8th Cir. 2008) (holding that an inmate's twelve years in administrative segregation confinement constituted an atypical and significant hardship); *Shoats v. Horn*, 213 F.3d 140, 144 (3d Cir. 2000) (holding that inmate's almost eight years in administrative custody was "atypical" and he had protected liberty interest); *Herron v. Schriro*, 11 Fed.Appx. 659, 661-62 (8th Cir. 2001) (unpublished per curiam decision) (affirming district court's finding that inmate's lengthy administrative segregation confinement, more than thirteen years, resulted in atypical hardship in relation to ordinary incidents of prison life, and defendants could not continue to deprive inmate of general population status without affording him due process).

Here, Plaintiff alleges that he is confined in administrative segregation, and

4

states that he was placed in this classification status in June, 2009. (Filing No. 1 at CM/ECF p. 2.) While Plaintiff uses the word "atypical," he does not describe any conditions which rise to the level of an "atypical and significant hardship." As set forth above, confinement in administrative segregation, by itself, for less than six months is not an atypical and significant hardship. Thus, Plaintiff has not alleged sufficient facts to meet the threshold requirement to challenge his segregation status under the Due Process Clause and these claims are dismissed for failure to state a claim upon which relief may be granted.

    *B.    Retaliation*

The court liberally construes Plaintiff's Complaint to allege a retaliatory discipline claim against Defendants Black, Korbet, Colbert, and Stebbins. A prison official can violate a prisoner's Eighth Amendment rights if they "impose a disciplinary sanction . . . in retaliation for the prisoner's exercise of his constitutional right." *Goff v. Burton*, 7 F.3d 734, 738 (8th Cir. 1993). A prima facie case of retaliatory discipline requires a prisoner-plaintiff to show that: (1) he exercised a constitutionally protected right; (2) prison officials disciplined him; and (3) the discipline was motivated by his exercise of the right. *Id.*; *Orebaugh v. Caspari*, 910 F.2d 526, 528 (8th Cir. 1990). A prisoner-plaintiff has a heavy evidentiary burden to establish a prima facie case. *Murphy v. Mo. Dep't. of Corr.*, 769 F.2d 502, 503 n.1 (8th Cir. 1985). "Merely alleging that an act was retaliatory is insufficient." *Meuir v. Green County Jail Employees*, 487 F.3d 1115, 1119 (8th Cir. 2007).

Here, Plaintiff alleges that he filed grievances and his Complaint in this matter, which are constitutionally protected rights, and that Black, Korbet, Colbert, and Stebbins each took adverse actions against Plaintiff for exercising these rights. Plaintiff has further alleged that these Defendants disciplined him, either by wrongfully extending his time in administrative confinement or by using excessive force against him. The court therefore finds that these allegations are sufficient to

5

nudge Plaintiff's retaliation claim against Defendants Black, Korbet, Colbert, and Stebbins across the line from conceivable to plausible and this claim may proceed. However, the court cautions Plaintiff that this is only a preliminary determination based only on the allegations of the complaint and is not a determination of the merits of Plaintiff's claims or potential defenses thereto.

The court notes that Plaintiff failed to name Defendant Stebbins in the caption of his Complaint, as required by Federal Rule of Civil Procedure 10. Additionally, Plaintiff filed a separate Amended Complaint, which contains only his allegations against Stebbins. (Filing No. 6.) In order for service of process to occur, Plaintiff must file a second amended complaint, which names Defendant Stebbins in the case caption, and must consolidate his retaliation claims into one document. Plaintiff shall have 30 days in which to do so. However, Plaintiff is not given leave to amend any other portion of his claims, and is not given leave to add any other party other than Defendant Stebbins.

### C. *Respondeat Superior*

Plaintiff's only allegation against Defendants Foxhall and Newton is that they "are responsible for the day to day operations of the facility" and that they "know or should have known" about the actions of Defendants Black, Korbet, Colbert, and Stebbins. (Filing No. 1 at CM/ECF p. 4.) *Respondeat superior* is not a basis for liability under 42 U.S.C. § 1983. *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997). However, a plaintiff need not show that a supervisor personally participated in the alleged violation. Rather, a plaintiff may instead "allege and show . . . that the supervisor . . . had direct responsibility for the alleged violations." *McDowell v. Jones*, 990 F.2d 433, 435 (8th Cir. 1993). In addition, "a plaintiff could show that the supervisor actually knew of, and was deliberately indifferent to or tacitly authorized, the unconstitutional acts." *Id.* (citing *Pool v. Missouri Dep't of Corr. & Human Res.*, 883 F.2d 640, 645 (8th Cir. 1989).)

Plaintiff has alleged that Defendants Foxhall and Newton were directly responsible for the operations of the facility, including the retaliatory actions of the other Defendants, and that they knew about these actions. The court finds that these allegations are sufficient to nudge Plaintiff's claims against Defendants Foxhall and Newton across the line from conceivable to plausible and the claims against Foxhall and Newton for retaliation may proceed. Again, the court cautions Plaintiff that this is only a preliminary determination based only on the allegations of the complaint and is not a determination of the merits of Plaintiff's claims or potential defenses thereto.

### D.     Remaining Defendants

A complaint that only lists a defendant's name in the caption without alleging that the defendant was personally involved in the alleged misconduct fails to state a claim against that defendant. See [Krych v. Hvass, 83 F. App'x 854, 855 (8th Cir. 2003)](citing [Potter v. Clark, 497 F.2d 1206, 1207 (7th Cir. 1974)](holding that court properly dismissed a pro se complaint where the complaint did not allege that defendant committed a specific act and the complaint was silent as to defendant except for his name appearing in caption)).

Here, Plaintiff names "ITS Laura L.N.U." and "Unknown Officers" as Defendants in the caption of his Complaint, but does not allege that these Defendants committed a specific act within the body of the Complaint. Because Plaintiff fails to allege "ITS Laura L.N.U." or "Unknown Officers" were personally involved, Plaintiff's Complaint fails to state a claim against upon which relief may be granted and these Defendants are dismissed from this matter.

IT IS THEREFORE ORDERED that:

1.     Defendants "ITS Laura L.N.U." and "Unknown Officers" are dismissed from this matter.

2. Plaintiff's due process claims, as set forth in this Memorandum and Order, are dismissed.

3. Plaintiff shall have until December 30, 2009, in which to file an amended complaint consolidating his retaliation claims and naming Defendant Stebbins as a Defendant, as set forth in this Memorandum and Order. In the event that Plaintiff fails to file an amended complaint by that date, this matter will proceed on Plaintiff's retaliation claims only against Defendants Foxhall, Newton, Black, Korbet, and Colbert.

4. The Clerk of the court is directed to set a pro se case management deadline in this matter with the following text: December 30, 2009: Deadline for Plaintiff to file amended complaint consolidating his claims and naming the proper Defendants.

December 1, 2009.                  BY THE COURT:

                                          s/ Joseph F. Bataillon
                                          Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.